JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

EUGENE FELDER,

    Plaintiff,

  v.

BILLY NOVIKOFF ET AL.,

    Defendants.

Case No.: SACV 23-00149-CJC (KESx)

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO REMAND [8]

## I. INTRODUCTION & BACKGROUND

On January 24, 2023, Defendant Billy Tovar removed this unlawful detainer action originally filed in Superior Court, County of Orange by Plaintiff Eugene Felder, asserting

federal question subject matter jurisdiction under 28 U.S.C. § 1331.  (Dkt. 1 ["Notice of Removal"].)  According to the Notice of Removal, a statutory basis for federal jurisdiction exists because Plaintiff's claim raises a substantial federal issue related to the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (*Id.* ¶ 9–11.)  The PTFA is a federal law that provides certain protections to tenants during foreclosures, including a 90-day notice requirement.

## II.   DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that involve questions arising under federal law.  28 U.S.C. § 1331.  An action arises under federal law if federal law creates the cause of action or if the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 314 (2005).  Federal question jurisdiction will lie over state law claims that "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law.  *Id.*

The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A defense or counterclaim based on federal law does not give rise to federal question jurisdiction.  *Id.* at 10.  Whether subject matter jurisdiction exists may be

raised by the Court *sua sponte* at any time, and if it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint states a claim for unlawful detainer under California law. (Dkt. 1 Ex. A.) Defendants contend that the PFTA is in controversy because Plaintiff allegedly did not comply with the 90-day notice period required by the statute prior to filing state eviction proceedings. (*Id.* ¶ 9–11.) The PFTA is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). Nor does the straightforward federal issue presented by this defense — whether there was compliance with the 90-day period — present a "substantial federal issue." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Accordingly, this action does not arise out of federal law, and thus the Court does not have subject matter jurisdiction over the dispute.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby **REMANDED** to Superior Court, County of Orange.

DATED:   March 2, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE